UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Johnson : | |
| 670 Marshall Road : | |
| Glenmoore, PA 19343 : | |
| (On behalf of himself and those Similarly Situated) : | ~~10-9433~~ |
| Plaintiff : | 10-5103 |
| Vs. : | |
| Quality Asset Recovery, LLC : | |
| 7 Foster Avenue, Suite 101 : | |
| Gibbsboro, NJ 08026 : | |
| and : | |
| John Does 1-10 : | |
| and : | Jury Trial Demanded |
| XYZ Corporations : | |
| Defendant(s) : | |

# PLAINTIFF'S AMENDED COMPLAINT

## INTRODUCTION

1. This is a class action lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Plaintif brings this action against Defendant(s) for engaging in a systematic scheme to deprive Pennsylvania Consumers of their rights under the FDCPA.

3. Defendant(s)' scheme involved, contacting consumers throughout Pennsylvania, and leaving a particular voicemail messages on said consumers' answering machines or voicemail messaging systems. The particular messages left by Defendants had the affect of violating the provisions of 15 USC 1691g of the FDCPA and by failing to make proper disclosures in such messages as required by the FDCPA.

4. The claims of Plaintiff and the Class are individual claims for violations of federal law described herein.

5. These claims arise from Defendant(s)' systematic unlawful collection activity against Pennsylvania consumers.

6. The named Plaintiff(s) are individual consumers who received a particular type of telephone voicemail message from Defendant while Defendant was attempting to collect on a consumer debt against Plaintiff. The voicemail message is described in this complaint.

## JURISDICTION AND VENUE

7. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

8. Venue is proper in this county under Rule 2179 of the Pennsylvania Rules of Civil Procedure because Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania in general and within Chester County in Pennsylvania.

9. Venue is proper in this county under Rule 2179 of the Pennsylvania Rules of Civil Procedure because a substantially portion of the conduct complained of occurred in Chester County.

## PARTIES

10. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

11. Plaintiff is John Johnson, an adult individual with a current address of 670 Marshall Road, Glenmoore, PA 19343, on behalf of herself and those similarly situated Plaintiffs.

12. Defendants are the following individuals and business entities.

    a.  Quality Asset Recovery, LLC, a business entity with a principal place of business located at 7 Foster Avenue, Gibbsboro, NJ 08026.

    b.  John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    c.  X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## COUNT ONE: Violation of Fair Debt Collection Practices Act
## 15 USC 1692 et. seq.

13. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

14. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

15. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

16. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

17. Defendant contacted Plaintiff by telephone and left one or more voicemail messages which read substantially as follows.

> *"Hello my name is James Gracin and it is important that you return my call to: 1-800-796-1476. Again, please return the call to me at: 1-800-796-1476 and ask for James Gracin, Thank You."*

> *"Yes, John Johnson, Quincy Robbins here. I am not sure if you were expecting my call or not, but its very important that I speak with you. I need you to return a call to my office as soon as possible. I can be reached at: 1-800-796-1476. Extension here is: 109. Thank You."*

> *"Hi this is Megan, I guess this is not a good time to reach you. Umm... If you can return my call at: 1-800-796-1476. If you are not available during the day. We can be reached in the evening hours until 7pm. Again my number is: 1-800-796-1476. Thanks for getting back to me."*

18. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the per se violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

19. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

20. The above referenced voicemail message(s) was / were a communication as defined by 15 USC 1692(a)(2). See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006. See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

*21.* Every telephone message left by a debt collector must give meaningful disclosure of the debt collector's identity, as well as state that the purpose of the call is to collect a debt. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006. See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA *(2010).*

22. The above referenced message(s) violated the FDCPA for reasons including but not limited to the following.

   a. The telephone call was placed without disclosure that the call was from a debt collector.

   b. The telephone call was placed without meaningful disclosure of Defendant debt collector's identity.

## LIABILITY

23. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

24. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

25. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

26. Any mistake made by Defendant would have included a mistake of law.

27. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## CLASS ALLEGATIONS

28. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint .

29. Plaintiff brings this case as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of a Class consisting of members who meet the following criteria.

    a. Consumers within the meaning of the FDCPA.

    b. Residents of Pennsylvania at the time they received the same or a similar telephone voicemail message from Defendant, described in this complaint,

    c. Received the same or substantially similar telephone message(s) described in this complaint from Defendant(s) within the applicable period of limitations prior to the commencement of this action.

30. Excluded from the class are Plaintiff's attorney, the attorney's family member and the attorney's employees and business associates.

31. Plaintiff reserves the right to redefine the class following discovery and as the Court permits.

32. Plaintiff believes that there are several victims of Defendant(s) aforementioned collection activity, and that members of the Class are so numerous that joinder of all members is impractical.

33. Plaintiff's claims are typical of the claims of the Class members because they received the same type of collection telephone message from Defendant(s) that Plaintiff received from Defendant(s).

34. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in consumer law, and capable of familiarizing herself with class action litigation practice and procedure.

35. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to plaintiff and the Class are the following.

   a. Were the accounts referred to in the telephone messages left for Plaintiffs *consumer debts* as defined by the FDCPA?

b. Are the Plaintiffs consumer debtors as defined by the FDCPA?

c. Was / were Defendant(s) acting as a debt collector as defined by the FDCPA at the time that the telephone messages were left by Defendant?

d. Was / were the telephone message(s) *communications* as defined by the FDCPA?

e. Did the telephone message(s) sent to Plaintiff and other similarly situated Plaintiffs by Defendant(s) fail to make required disclosures as mandated by the FDCPA?

f. Did the telephone message(s) left by Defendant violate the FDCPA, 15 USC 1692 et. seq.?

36. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

37. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

38. The Class is readily identifiable from the Defendant(s)' records.

39. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for defendants.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.

41. The amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

42. Without a class action, Defendant(s) will likely retain the benefit of its wrongdoing.

43. Without a class action, Defendant(s) will likely continue a course of action, which will result in further damages to Plaintiff and members of the Class.

## DAMAGES

44. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

45. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

46. $1,000.00 statutory damages for the named Plaintiff as the class representative under the FDCPA 15 USC 1692k.

47. $1,000.00 statutory damages for each additional Plaintiff under the FDCPA 15 USC 1692k.

48. Plaintiff suffered frustration, confusion and emotional distress as a result of Defendant's illegal collection activity.

49. Plaintiff believes and avers that such frustration, confusion and emotional distress has a Dollar value to be proven at trial.

## ATTORNEY FEES

50. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

51. Attorney fees of $1,837.50 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client. | 1.25 |
| b. | Drafting of writ and related documents | .25 |
| c. | Research on Defendant | 1 |
| d. | Drafting, editing, review and filing of complaint and amended complaint | 1.5 |
| e. | Follow up with Defense | 1 |
| f. | Service of process and filing of service | .25 |

$$5.25 \times \$350 = \$1,837.50$$

52. Plaintiff's attorney fees continue to accrue as the case move forward.

53. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

54. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

55. Plaintiff seeks injunctive relief barring further unlawful collection activity.

56. Plaintiff believes and avers that Plaintiff is entitled to a reasonable plaintiff incentive fee for representing the class in this action, in an amount no less than $5,000.00.

57. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

## JURY TRIAL

58. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

59. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $7,838.50 for the names plaintiff as enumerated below. Plaintiff seeks such other relief as the Court deems just and proper.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,837.50 attorney fees

$5,000.00 plaintiff incentive fee

_____

$7,838.50

Plaintiff seeks additional actual damages and statutory damages and attorney fees for the class also. Plaintiff seeks such additional relief as the Court deems just and proper upon certification of the class.

_Vicki Piontek_    9/30/2010
Vicki Piontek, Esquire    Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF CHESTER COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | |
|---|---|
| John Johnson<br>670 Marshall Road<br>Glenmoore, PA 19343<br>(On behalf of himself and those Similarly Situated)<br><br>Plaintiff<br>Vs.<br>Quality Asset Recovery, LLC<br>7 Foster Avenue, Suite 101<br>Gibbsboro, NJ 08026<br>and<br>John Does 1-10<br>and<br>XYZ Corporations<br>Defendant(s) | **10-9433**<br><br><br><br>Jury Trial Demanded |

## Certificate of Services

On the 30th day of September, 2010, a true and correct copy of the attached amended complaint was served on the following parties at the following addresses by First Class U.S. Mail, postage pre-paid.

RICHARD J. PERR, ESQUIRE
FINEMAN KREKSTEIN & HARRIS, P.C.
MELLON BANK CENTER SUITE 600
1735 MARKET ST.
PHILADELPHIA, PA 19103-7513


_Vicki Piontek_       9/30/2010
Vicki Piontek, Esquire       Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com